Filed 7/19/13  In re Flores CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ADOLFO AGUILAR FLORES<br><br>on Habeas Corpus. | G048527<br><br>(Super. Ct. No. 10CF1723)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Appellate Defenders, Inc., and Cindi B. Mishkin for Petitioner.

Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*            \*            \*

THE COURT: *

Petitioner, Adolfo Aguilar Flores, seeks relief from the failure to file a timely notice of appeal. The petition is granted.

Following a trial, a jury convicted Flores of four felony offenses and he was ordered to serve two consecutive 15-year-to-life sentences, for a total term of 30 years to life, plus a 10-year determinate term imposed consecutive to the determinate term. In his declaration, trial counsel states that based on Flores's actions at the time of the sentencing hearing on November 9, 2012, and their earlier communications, he knew Flores wanted to appeal the guilty verdicts in this case. According to trial counsel, he intended to file a valid notice of appeal, but unfortunately miscalendared the date when the notice of appeal was due to be filed and entered the wrong date. Trial counsel's declaration states that when he attempted to file the notice of appeal on January 11, 2013, the superior court stamped the notice of appeal "Received but not Filed."

The principle of constructive filing of the notice of appeal should be applied in situations where trial counsel takes it upon himself to file a notice of appeal on his client's behalf and fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because a trial attorney is under a duty to either file the notice of appeal, or tell the client how to file it himself. In this case, Flores relied on trial counsel to file a timely notice of appeal on his behalf. His reasonable reliance on counsel to file a timely notice of appeal entitles him to the relief requested.

The Attorney General does not oppose granting the petition without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 7728.)

The petition is granted. The Clerk of the Superior Court is directed to file the notice of appeal that was "received" but not filed on January 11, 2013. Further

---

* Before Moore, Acting P.J., Aronson, J., and Thompson, J.

2

proceedings, including the preparation of the record on appeal, are to be conducted according to the applicable rules of court. In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.